UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

RAFAEL RAMON CRUZ,

Defendant.

25 Cr. 43 (ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

On May 13, 2025 Defendant Rafael Ramon Cruz pleaded guilty to both counts of the superseding information. *See generally* ECF No. 19 (change of plea hearing transcript). Relevant to this Order, the Court specifically accepted his plea of guilty to Count Two which charged illegal reentry after a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). *See id.* 36:23–25, 47:13–18. After accepting the plea, the Court ordered the parties to brief (1) whether the sentencing enhancement under 1326(b)(1) requires a defendant's knowledge of the prior felony conviction and (2) whether a defendant may waive issues regarding advice of counsel in pleading guilty to illegal reentry. *See id.* 47:23–25, 48:1–5. The Government submitted its brief in response to the Court's questions on May 20, 2025. *See* ECF No. 18. The defense submitted its response on June 3, 2025. *See* ECF No. 21.

The Court is satisfied that 1326(b)(1) contains no requirement that a defendant know of the prior felony conviction. *See Erlinger v. United States*, 602 U.S. 821, 838 (2024) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and recognizing "a 'narrow exception' permitting judges to find only the fact of a prior conviction" (internal quotation omitted)). Accordingly, it was proper for the Court to determine the fact of Defendant Cruz's prior felony

conviction at the May 13, 2025 hearing. The Court likewise concurs with counsel that Defendant Cruz was entitled to waive his potential defenses upon the entry of his guilty plea.

Having found no issue with Defendant Cruz's guilty plea, this matter will proceed to sentencing as currently scheduled.

**SO ORDERED.**

**Dated:** **June 11, 2025**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**